UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 14-61998-CIV-BLOOM/VALLE

**KRISTIAN E. MIERZWICKI**,

    Plaintiff,

v.

**CAB ASSET MANAGEMENT, LLC**,

    Defendant.

_____/

## ORDER ON DEFAULT PROCEDURE

**THIS CAUSE** came before the Court upon the Clerk's Default, s*ee* ECF No. [7], filed on October 7, 2014. Upon review of the record, it appears that Defendant has indeed failed to respond to the Complaint or otherwise appear in this action. Therefore it is **ORDERED AND ADJUDGED** that Plaintiff must file one of the following two responses by **December 17, 2014**:

1. Where there is only one Defendant, or where there are multiple Defendants,[1] but no allegations of joint and several liability, and no possibility of inconsistent liability between Defendants, Plaintiff shall file a *Motion for Default Final Judgment*.

    a. The *Motion for Default Final Judgment* must include affidavits of any sum certain due by Defendants, and any other supporting documentation necessary to determine Plaintiff's measure of damages. The *Motion* shall also be accompanied by (1) the necessary affidavit under the Servicemembers Civil Relief Act, 50 U.S.C. app. § 521(b), if applicable; (2) a proposed order; and (3) a proposed final judgment.[2] Pursuant to the CM/ECF Administrative Procedures, the proposed orders **shall be submitted to the Court by e-mail in Word format** at

---

[1] If there are multiple Defendants, Plaintiff must state in the *Motion for Default Final Judgment* that there are no allegations of joint and several liability, and set forth the basis why there is no possibility of inconsistent liability.

[2] These last two are required by Local Rule 7.1(a)(2).

CASE NO. 14-61998-CIV-BLOOM/VALLE

bloom@flsd.uscourts.gov.  Plaintiff shall send a copy of the *Motion* to Defendant's counsel, or to Defendant if they do not have counsel.  In the Certificate of Service, Plaintiff shall indicate that notice was sent and the addresses where notice was sent.

   b. If Defendant fails to move to set aside the Clerk's Default or respond to the Motion for Default Final Judgment within the time permitted by the Rules, default final judgment may be entered, which, simply put, means that Plaintiff may be able to take Defendant's property or money, and/or obtain other relief against Defendant.

2. Alternatively, where there are multiple Defendants and allegations of joint and several liability, or the possibility of inconsistent liability between Defendants, Plaintiff shall file a *Notice of Joint Liability*.  See *Frow v. De La Vega*, 82 U.S. 552, 554 (1872); 10A Charles Alan Wright and Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 2690 (3d ed. 1998) (citing *Frow*, 82 U.S. at 554); *see also Gulf Coast Fans, Inc. v. Midwest Elecs. Imp., Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984). The *Notice of Joint Liability* must briefly describe the allegations and advise the Court of the status of the other Defendants' liability.  Once liability is resolved as to all Defendants, Plaintiff may move for the entry of default final judgment against Defendant, as described in (1) above, no later than 14 days thereafter.

CASE NO.  14-61998-CIV-BLOOM/VALLE

3. Plaintiff's failure to file for a *Motion for Default Final Judgment* or *Notice of Joint Liability* within the specified time will result in a **dismissal** without prejudice as to these Defendants.

**DONE AND ORDERED** in Ft. Lauderdale, Florida, this 3rd day of December, 2014.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record