UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 14-CIV-61998-BLOOM/Valle

KRISTIAN E. MIERZWICKI,

      Plaintiffs,

vs.

CAB ASSET MANAGEMENT, LLC.,

      Defendant.

_____/

## MOTION FOR DEFAULT FINAL JUDGMENT

Plaintiff, KRISTIAN E. MIERZWICKI (herein after referred to as "Plaintiff"), by and through his undersigned counsel, pursuant to Court's Order on Default Procedure, see ECF [15], move for entry of final default judgment against named Defendant, CAB ASSET MANAGEMENT, LLC., (hereinafter referred to as "Defendant"). In support of this Motion, the Plaintiff states the following:

## I.  INTRODUCTION

1.     On October 7, 2014, the Clerk of Courts for the United States District Court for the Southern District of Florida entered a Default Order against the Defendant for failure to appear or otherwise defend this matter. [ECF 8]. As more fully set forth below, the Plaintiff is entitled to a judgment against the Defendant as a matter of law.

## II.  DISCUSSION

2.     This is an action brought by the Plaintiff for violations of the Telephone Consumer Protection Act, 47 U.S.C. §227, et seq. ("TCPA"), the Fair Debt Collection Practices Act, 15 U.S.C.

-2-

§1692 *et. seq.* ("FDCPA") and the Florida Consumer Collection Practices Act, §559.55 *et. seq.* ("FCCPA") which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

3.      In the Complaint, the Plaintiff clearly shows that the Defendant violated the FDCPA and FCCPA by engaging in abusive, deceptive and unfair practices by continuing to try and collect a debt for which they had no legal basis to collect.

4.      Furthermore, these calls were made without the permission or invitation of the Plaintiff and furthermore his number and name was on the national registered "Do-Not-Call" list.

5.      At that onset of the calls, Plaintiff informed Defendant to stop calling him personally, but Defendant, through its agents, continued to contact and call Plaintiff in direct violation of the FDCPA, FCCPA and the TCPA.

6.      Defendant at all times hereto knew that the Plaintiff's cell phone number was on the National "Do-Not-Call" registry, but continued to contact him personally. [See Affidavit of Plaintiff attached hereto as Exhibit "1"].

7.      Defendant first called Plaintiff on his cell phone on June 4, 2014.  When the voicemail answered this call, there was a pause followed by a ring tone.  The number that called Plaintiff was 877-569-4713 which is the number of Defendant.

8.      Thereafter, Plaintiff called Defendant back.  There was an electronic prompt that identifies them as CAB Asset Management, then a pause, then a live person.  Plaintiff informed Defendant to stop all calls, that they are looking for the wrong person and that they have no invitation or permission to call him on his cell phone.  Plaintiff asserts that this conversation,

-3-

coupled with the fact that his number was the National Registered "Do-Not-Call" List, was sufficient to advise Defendant to no longer call him.

9.      Defendant's calls to Plaintiff were an attempt to recover a debt that they had no legal basis to collect.

10.      Plaintiff informed Defendant on numerous occasions that they had no legal basis to collect this alleged debt and to cease all calls to Plaintiff.

11.      Defendant continued to call Plaintiff approximately 70 times in total, even after they were notified not to call the Plaintiff.

12.      Thereafter, Plaintiff tried to contact Defendant on a few occasions, but could not reach anyone.  Additionally, when Plaintiff would answer the phone call, there was some recorded greeting, such as: "Please hold for (then a name of a person it sounded like)."  Then, it would say something about leaving a voice mail, then it would hang up.  The phone number that was calling the Plaintiff was directly from Defendant.

13.      Defendant would call Plaintiff using the following numbers: 877-569-4713; 305-722-7404; 305-742-0767; 954-417-7097; and 410-663-5519.

14.      Upon answering any of these calls, Plaintiff was always greeted by an automated, machine-operated voice message or a noticeable period of "dead air" while the caller's telephone system attempted to connect the Plaintiff to a live telephone employee.

15.      None of the calls made to Plaintiff from Defendant were for emergency purposes.

16.      Plaintiff recognizes that entry of a default judgment against a defendant is a severe

-4-

remedy. *See, e.g., E.F. Hutton & Co., Inc. v. Moffatt*, 460 F.2d 284, 285 (5th Cir. 1972). Where, as here, however, a party does not respond to a properly served Complaint and ignores a duly issued and properly served Summons of a Court, a default judgment, though drastic, is the appropriate and, indeed, only recourse. *See In re Knight*, 833 F.2d 1515, 1516 (11th Cir. 1987)(where party offers no good reason for late filing of answer, entry of default judgment appropriate); *First City Nat'l Bank of Fort Worth v. Cook*, 117 F.R.D. 390 (N.D. Tex. 1987)(default judgment appropriate where party served has failed to answer). Since the defendant does not appear disposed to defend this action, and no good cause exists as to why a response was not proffered timely, this Court has as the only avenue available to conclude this matter, the entry of a default final judgment against defendant.

### III.  PRINCIPLES OF CONSTRUCTION

The FDCPA is a strict liability statute.  Proof of only one violation is sufficient to support judgment for the plaintiff.  *Bentley v. Great Lakes Collection Bureau, Inc.,* 6 F.3d 60 (2nd Cir. 1993). Because the FDCPA is a strict liability statute, there are no unimportant violations.  *Id. and Taylor v. Perrin, Landry, deLaunay & Durand,* 103 F.2d 1232 (5th Cir. 1997).  The FDCPA is liberally constructed in the favor of the consumer to effectuate its purposes.  *Jeter v. Credit Bur., Inc.,* 760 F.2d 1168 (11th Cir. 1985).

The standard used to determine whether something is deceptive or misleading is whether the "least sophisticated consumer" could have been deceived or misled.  *Clomon v. Jackson,* 988 F.2d 1314, 1323 (2nd Cir. 1993). The "least sophisticated consumer" is a naive, credulous, gullible, ignorant, unthinking, person of "below-average sophistication or intelligence" with a rudimentary

-5-

amount of information about the world and a willingness to read a collection notice with some care. *Id.*

The TCPA, in relevant part, makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice – .....to any telephone number assigned to a ... cellular telephone.."."  47 U.S.C. §227(b)(1)(A).  It is a violation of the TCPA, 47 U.S.C. §227(b) to call a person's cellular telephone using an automatic telephone dialing system without their express consent.  The FCC has declared that a debtor's privacy rights are not adversely affected when he received debt collection calls, but the Court is convinced that a non-debtor's rights are in fact violated when he is subjected to repeated annoying and abusive debt collection calls that he remains powerless to stop. *Watson v. NCO Group, Inc.*, 462 F. Supp.2d 641 (2006).  According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issued regulations implementing the TCPA, such calls as those alleged herein are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy, and such calls can be costly and inconvenient.     *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Red 14014 (2003).  Under the TCPA, and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on the Defendant to demonstrate that Plaintiff provided express consent within the meaning of the statute. *See FCC Declaratory Ruling,* 23 F.C.C.R. at 565 (¶10).

-6-

## IV.  VIOLATIONS

The violations are set forth in the Plaintiff's Affidavit and in the Complaint to this action.

## V.  STATUTORY DAMAGES

An individual consumer who brings a successful Fair Debt Collection Practices Act ("FDCPA") action is entitled to an award of statutory damages in such an amount as the court may allow, up to $1,000.00.  15 U.S.C. §1692k(a)(2)(A).  The FDCPA provides the court with the factors to be considered in fixing the amount of statutory damages:

> (b) In determining the amount of liability in any action under subsection (a), the court shall consider, among other relevant factors -
>
> (1) in any individual action under subsection (a)(2)(A), the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional.  15 U.S.C. §1692k(b)(1).

Additional statutory damages of up to $1,000.00 are also allowed pursuant to the Florida Consumer Collections Practices Act ("FCCPA"), Fla. Stat. §559.77, which provides in pertinent part:

> Upon adverse adjudication, the defendant shall be liable for actual damages and for additional statutory damages of up to $1,000.00, together with court costs and reasonable attorney's fees incurred by the plaintiff.

The egregiousness of the violation is a factor to be considered in awarding statutory damages. *Rutya v. Collection Accounts Terminal, Inc.,*  478 F. Supp. 980 (N.D. Ill. 1979).  Similarly, the FCCPA provides that Defendant shall be liable for statutory damages of up to $1,000 in addition to

-7-

any actual damages.  Fla. Stat. §559.77(2007).

Elsewhere, the $1,000 is routinely awarded in cases without any actual damages.  E.g., *Edwards v. National Business Factors, Inc.,* 897 F. Supp. 455, 458 (D. Nev. 1995) ($1,000 for §1692g violation); *Tolentino v. Friedman,* 46 F.2d 645, 649 (7th Cir. 1995)(§1692e(11) notice); *Chauncey v. JDR Recovery Corp.,* 118 F.3d 516 (1997)(short truncation of 30-day notice); *Withers v. Eveland,* 988 F. Supp. 942, 948 (E.D. Va. 1997)(overshadowing).

As Defendant violated the FDCPA, Plaintiff is entitled to statutory damages in the amount of $1,000.00 pursuant to the Fair Debt Collection Practices Act and is entitled to an additional $1,000 in statutory damages pursuant to the Florida Consumer Collection Practices Act or equivalently, a total of $2,000.00 in statutory damages under the FDCPA and FCCPA.

The TPCA contains a number of restrictions on the use of automated telephone equipment to an individual's cellular telephone.  See 47.U.S.C.  §227(b)(1)(A)(iii).  Subsection (b)(3) also includes an express private right of action and statutory damages provision which states:

> A person or entity may, if otherwise permitted by the laws ro rules of court of a State, bring in an appropriate court of that State-
> (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
> (B) an action to recover for actual monetary loss from such violation, or to receive $500 in damages for each such violation, whichever is greater, or
> ©) both such actions.
> If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

47 U.S.C. §227(b)(3).

-8-

Additionally, the FCC issued regulations prohibiting entities and/or persons from initiating any call to an individual that is on the do-not-call list. 47 C.F.R.§64.1200(d). Subsection ©)... of the TCPA also contains a private right of action, which states:

A person who has received more than one telephone call within any 12 month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may, if otherwise permitted by the laws or rules of court of a State bring in an appropriate court of that State–
(A) an action based on a violation of the regulations prescribed under this subsection to enjoin such violation,
(B) an action to recover for actual monetary loss from such a violation, or to receive up to $500 in damages for each such violation, whichever is greater, or
(C) both such actions.
... If the court finds that the defendant willfully or knowingly violated the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

47 U.S.C. §227©)(5).

Plaintiff may seek two damage awards, each per call, under *both* Section 227(b) and also Section 227©).  *See Charvat  v. NMP, LLC*   No. 10-3390. 656 F.3d 440 (2011).  Subsection 227(b)(3) and 227©) provide for treble damages when the defendant acted wilfully or knowingly. "If the court finds that the defendant willfully and knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph." 47 U.S.C. §227(b) and  §227©).  Thus, Plaintiff is entitled to $3,000.00 per call under the TPCA.

As Plaintiff alleges that Defendant violated both Section 227(b) and 227©) willfully and/or knowingly on 70 such calls, Plaintiff is entitled to damages in the amount of $210,000.00.

-9-

## VI.  CONCLUSION

For all the foregoing reasons, Plaintiff respectfully moves the entry of a Default Final Judgment by the Court against Defendant, CAB ASSET MANAGEMENT, LLC. in the amount of $212,000.00.

Dated: December 26, 2014                PLAINTIFF

By:    */s/ Adam S. Baron*
        ADAM S. BARON, ESQ.
        Florida Bar Number: 048071
        3696 N. Federal Highway
        Suite 201
        Fort Lauderdale, FL 33308
        Telephone: 954-390-0876
        Facsimile: 954-390-6304
        Email:  abaron@pblmklaw.com
        Attorney for Plaintiff

9

-10-

## CERTIFICATE OF SERVICE

      WE HEREBY CERTIFY that a copy of the foregoing was sent via US Mail on December 26, 2014  to: CAB Asset Management, LLC., c/o H. Michael Boyle, Jr., 8725 Loch Raven Blvd., Suite 205B, Towson, MD 21286; and via Registered Agent, NRAI Services, Inc., 515 East Park Ave., Tallahassee, FL 32301.

**Pyszka, Blackmon, Levy, Kelley, Rajo & Baron**
Attorney for Plaintiff
3696 North Federal Highway
Suite 201
Fort Lauderdale, FL 33308
Telephone: 954-390-0876
Facsimile: 954-390-6304
E-Mail: abaron@pblmklaw.com


BY:__*/s/ Adam S. Baron*_____
      Adam S. Baron, Esquire
      Florida Bar No.: 480071

10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 14-CIV-61998-BLOOM/Valle



KRISTIAN E. MIERZWICKI,

     Plaintiffs,

vs.

CAB ASSET MANAGEMENT, LLC.,

     Defendant.

_____/

## AFFIDAVIT OF KRISTIAN E. MIERZWICKI

STATE OF FLORIDA       )
                           ) SS
COUNTY OF BROWARD   )

     Before the undersigned officer, duly authorized to administer oaths, appeared KRISTIAN

E. MIERZWICKI, who, after being duly sworn upon oath states as follows:

     1.    I am over the age of twenty-one (21) and have personal knowledge of all facts set forth

in this affidavit.

     2.    I currently reside in Broward County, Florida.

     3.    I have read the prepared Motion for Default Final Judgment and confirm that said facts

indicated are true and correct.

     4.    I have over 70 documented calls from Defendant to my cell phone which were directed

by auto-dialer.

     5.    Additionally, not only was my number ending in 8488 on the National Registered "Do-

Not-Call" list, I specifically informed Defendant that they do not have authority to call me on my

phone and informed them to cease all communication to me.

-2-

6.    I registered my phone number with the National Do No Call Registry back on November 28, 2012.

7.    From June 2014 through September 2014, I received these calls from the Defendant to my cell phone without my permission.

8.    I believe that there are more than 70 calls placed from Defendant to my cell phone without my permission.

AFFIANT FURTHER SAITH NAUGHT.

IN WITNESS WHEREOF, I have hereunto signed my name to the foregoing oath and affidavit this 24th day of December, 2014.

_____
KRISTIAN E. MIERZWICKI

**I HEREBY CERTIFY** that on this day, before me, an officer duly authorized in the State and County aforesaid to administer oaths and take acknowledgments, personally appeared KRISTIAN E. MIERZWICKI to me personally known to be the person described in, or who produced FL Drivers License M622-505-75-057-0 as identification, and who, being first duly sworn, executed the foregoing Affidavit, and he acknowledged before me that he executed the same, and that the statements set forth therein are true and correct of his own knowledge.

**SWORN TO AND SUBSCRIBED** before me, a Notary Public in the County and State last aforesaid, this 24th day of December, 2014.

_____
Notary Public, State of
My Commission Expires:



DANIELLE BARBARO
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF101601
Expires 3/23/2018